UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARD,<br><br>    Plaintiff,<br><br>v.<br><br>MARY CRAWLEY,<br><br>    Defendant. | Case No.: 1:17-cv-01740 SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Melvin Ward is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed on December 22, 2017. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff was involved in a pyscho therapeutic session with psycho-therapist, Mary M. Crawley on March 11, 2010 in a state prison. Ms. Crawley accused Plaintiff of threatening the life of correctional officer Lucas. Ms. Crawley transcribed the verbal threats stated by Plaintiff. Plaintiff contends the "notes show no evidence of a threat, to anyone" and the evidence was forged. (Compl. at 6-7.)[1]

///
///
///

---

[1] References herein to page numbers are to the Court's ECF pagination headers.

2

**III.**

**DISCUSSION**

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750 (internal citations omitted). The Supreme Court "has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016), cert. denied, 137 S. Ct. 645 (2017). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. ). In Nettles, the Ninth Circuit held that "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Nettles, 830 F.3d at 927.

Plaintiff is seeking to challenge the constitutionality of his conviction for threatening a correctional officer in violation of state law rather than the conditions of his confinement. In order for Plaintiff's conviction to be expunged from his record, it would have to be determined Plaintiff's conviction is invalid. Thus, Plaintiff's claims challenge his criminal conviction which cannot be raised by way of a section 1983 complaint. Plaintiff must file a habeas corpus petition pursuant to 28 U.S.C. § 2254.[2] Indeed, a review of this Court's filing system indicates that Plaintiff has previously filed a habeas corpus petition in this Court pursuant to 28 U.S.C. § 2254, in case number 1:13-cv-01367-SKO (HC), Ward v. Duffy. In that case, Plaintiff challenged his state court conviction for threatening a correctional officer in violation of California Penal Code §

---

[2] Pursuant to 28 U.S.C. § 2241(d), venue for a habeas action challenging the validity of the conviction and/or sentence is proper in the district of conviction.

3

422, for a statement he made in the course of a counseling session for which his psychologist was required to issue a warning pursuant to Tarasoff v. Regents of University of California, 17 Cal.3d 425 (1976). (1:13-cv-01367-SKO (HC), ECF No. 25.) Plaintiff specifically argued that there was insufficient evidence to support his conviction of making a criminal threat. (Id.) The petition for writ of habeas corpus was denied on the merits on September 14, 2015, and judgment was entered in favor of Respondent this same date. (Id.) In addition, Plaintiff attempted to file a successive petition for writ of habeas corpus in this Court in case number 1:16-cv-00836-DAD-JLT (HC), Ward v. Fox, which was denied on September 14, 2016, and affirmed on appeal in case number 16-72473. (1:16-cv-00836-DAD-JLT (HC), ECF Nos. 7, 8, 9.) Thus, Plaintiff's claim is not cognizable because his criminal conviction has not been set aside by the grant of writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

To the extent Plaintiff contends that he has a due process right against false accusations, such claim is not meritorious. Plaintiff alleges that Defendant Worley falsely charged him with possession of contraband. However, the issuance of a false charges does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D.Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D.Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D.Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D.Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986)). While Plaintiff may not be deprived of a protected liberty interest without the protections he is due under federal law, he was afforded the process he was due with

respect to the charges and conviction for making criminal threats, as discussed above.

Accordingly, Plaintiff's complaint must be dismissed. Although the Court would generally grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim under 42 U.S.C. § 1983;

2. The Clerk of Court be directed to terminate this action; and

3. The Office of the Clerk is directed to randomly assign this action to a District Judge.

///
///
///

5

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 19, 2018**

UNITED STATES MAGISTRATE JUDGE